IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.W. VAN KEPPEL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-4040-JWL |
| ) | |
| MARTIN MARIETTA MATERIALS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion (Doc. # 17) for an extension of time to file its response to plaintiff's motion for summary judgment. The Court in its discretion **grants** the motion, and defendant's response shall be filed on or before April 22, 2021.

In this case, plaintiff claims that defendant breached the parties' contract by failing to indemnify plaintiff for sums expended in defending and settling a Missouri lawsuit brought by injured persons against both plaintiff and defendant. Defendant has asserted a counterclaim, alleging that, under the terms of a purchase order, plaintiff is required to indemnify it with respect to the same Missouri lawsuit. Pursuant to the governing scheduling order, discovery is to be completed by April 7, 2021, and the dispositive motion deadline is June 7, 2021.

On February 4, 2021, plaintiff filed a motion for summary judgment on its claim. On February 22, 2021, defendant filed the instant motion for an extension of the deadline for its response brief, until April 22, 2021, pursuant to Fed. R. Civ. P. 56(d)(2). That rule provides that "[i]f the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion, the district court may defer consideration of the motion, deny the motion, allow time for discovery, or issue any other appropriate order. *See id.* In support of its request for an extension, defendant argues as follows: it recently discovered an additional agreement between the parties with an indemnification provision that could defeat plaintiff's claim; that it believes that there are prior versions of that agreement, although it has not been able to locate them; that it has also recently learned that it was listed as an additional beneficiary on plaintiff's insurance policies; and that it seeks the extension to allow time for a Rule 30(b)(6) deposition of a representative for plaintiff concerning the newly-found agreement (and any prior versions) and the insurance provisions.[1] Plaintiff refused to consent to the extension and opposes defendant's motion.

The Tenth Circuit has stated the requirements for a request under Rule 56(d)(2) as follows:

> In this circuit, a party seeking to defer a ruling on summary judgment under [Rule 56(d)] must provide an affidavit explaining why facts precluding summary judgment cannot be presented. This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented

---

[1] Defendant further states that it first sought the deposition of the signatory to the newly-located agreement on behalf of plaintiff, that plaintiff informed it that the signatory was no longer employed by plaintiff, that defendant unsuccessfully attempted to locate the signatory, and that defendant has therefore requested the deposition under Rule 30(b)(6).

2

>   currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.

*See Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). It is not sufficient for a party merely to assert that discovery is incomplete or that needed facts are unavailable. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993).

In opposing the motion, plaintiff first argues that defendant failed to submit the required affidavit with its motion. Defendant has submitted such an affidavit with its reply brief, however. Plaintiff also argues that defendant has not sufficiently explained why particular facts sought in discovery will allow defendant to withstand summary judgment. The Court disagrees. Defendant has not merely asserted that it needs discovery; rather, defendant has identified particular facts that it intends to explore in the deposition of plaintiff, and it has explained how those facts bear on its opposition to summary judgment. Moreover, deferring consideration of the summary judgment motion appears to be the most efficient course, as defendant notes that the case may be able to be resolved on cross-motions for summary judgment, and plaintiff itself may wish to take discovery on the newly-found documents on which defendant intends to rely.

The Court also notes that plaintiff has not identified any prejudice from a delay in the Court's consideration of the motion for summary judgment. The Court further notes that it would ordinarily grant a respondent an extension of the briefing deadline as a matter of course where, as here, the extension would not affect the Court's ability to rule the

motion well in advance of trial.  Accordingly, the Court concludes in its discretion that an extension of the response deadline is appropriate here, and it therefore grants defendant's motion.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for an extension (Doc. # 17) is hereby **granted**.  Defendant shall file its response to plaintiff's motion for summary judgment on or before April 22, 2021.

IT IS SO ORDERED.

Dated this 2nd day of March, 2021, in Kansas City, Kansas.

>                           *s/ John W. Lungstrum*
>                           John W. Lungstrum
>                           United States District Judge

---

[2] Defendant's motion could also be granted as unopposed.  Although plaintiff insists on strict adherence to the rules with respect to defendant's request for relief, it filed its response to the instant motion three days after the Court-ordered deadline for that brief, without any explanation for the lateness and without seeking an extension or leave to file out of time.