IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.W. VAN KEPPEL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-4040-JWL |
| ) | |
| MARTIN MARIETTA MATERIALS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

In this case, plaintiff G.W. Van Keppel Company ("Van Keppel") asserts a claim against defendant Martin Marietta Materials, Inc. ("MMM") for breach of a provision in equipment rental agreements between the parties that would require an indemnity payment to Van Keppel. MMM asserts a counterclaim against Van Keppel for breach of a different provision in a purchase order that would require Van Keppel's indemnification of MMM. This matter presently comes before the Court on MMM's motion to amend the pretrial order to assert an additional counterclaim for breach of an indemnity provision in a Master Access Agreement ("MAA") between the parties. For the reasons set forth below, the Court **denies** the motion to amend.

The scheduling order in this case required the parties to file any motion to amend by October 14, 2020. MMM states that it discovered the existence of the MAA on February 2, 2021. On February 22, 2021, MMM sought an extension of the deadline for its response

to Van Keppel's summary judgment motion, based in part on the discovery of the MAA, and the Court granted the extension until after the close of discovery. At the pretrial conference on May 4, 2021, MMM requested that its counterclaim be amended to include a claim based on the MAA, but the Magistrate Judge denied the request. The pretrial order, issued May 17, 2021, noted this denial and thus limited the counterclaim to a claim based on the purchase order. MMM did not seek review by the undersigned judge of the Magistrate Judge's ruling or of the pretrial order. In its summary judgment ruling of June 15, 2021, the Court noted the absence of a counterclaim based on the MAA. MMM then filed the instant motion.

The Court may modify the pretrial order only to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e). In essence, MMM seeks an amendment of the scheduling order's deadline for amendments to the pleadings. The Tenth Circuit has discussed the standard for such a motion as follows:

> Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts. "Good cause" also obligates the moving party to provide an adequate explanation for any delay.
>
> Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard. In making this determination, the factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change. Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.
>
> Another relevant consideration is possible prejudice to the party opposing the modification.

> Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation also should not be considered good cause.

*See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988-89 (10th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)) (other citations and internal quotations omitted); *see also Sprint Communications Co. L.P. v. Time Warner Cable, Inc.*, 2015 WL 5999216, at *1-2 (D. Kan. Oct. 6, 2015) (Lungstrum, J.) (party seeking to amend after the scheduling order deadline must not only satisfy the amendment requirements of Rule 15(a) but must also show good cause under Rule 16(b)).

The Court first rejects Van Keppel's arguments that leave to amend should not be granted under Rule 15(a) because such an amendment would be futile and because it would suffer undue prejudice if the amendment were permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (possible reasons for denying leave to amend include futility and undue prejudice). Van Keppel argues that the MAA's indemnity provision cannot be enforced here because the underlying accident occurred before the parties executed the MAA. Van Keppel has not explained, however, why the parties could not have agreed at the time of the execution of the MAA for one party to indemnify the other for future costs resulting from a past event. Nor has Van Keppel cited authority suggesting that such an agreement would be unenforceable.[1] Nor has Van Keppel identified language

---

[1] Van Keppel cites only *Finken v. USA Cycling, Inc.*, 2020 WL 68241 (D. Utah Jan. 3, 2020), but that case is not helpful, as that court concluded only that no duty of care to prevent an accident arose for the defendant from an agreement executed after the accident. *See id.* at *2. In this case, MMM is not asserting a tort claim and seeking to impose on Continued…

3

in the MAA limiting the indemnification obligation to costs resulting from events occurring after the agreement's execution. Thus Van Keppel has not shown that the proposed amendment would be futile.

Van Keppel also argues conclusorily that amendment would cause delay and undue prejudice because the discovery deadline has passed, but it has failed to identify any additional discovery that it believes is necessary that could not be accomplished before trial, which is many months away. In this regard, Van Keppel has not addressed the fact that the MAA's indemnification has also been asserted by MMM as a defense to Van Keppel's claim and thus is already in the case (and was discussed, for instance, in the parties' summary judgment briefs), or the fact that the parties have conducted discovery concerning the MAA.

Nevertheless, as MMM concedes, it must show good cause for its failure to request this amendment by the October 2020 deadline, and the Court concludes that MMM has failed to make the required showing. MMM argues that it discovered the MAA only in February 2021, and that it therefore had no chance to assert a counterclaim based on the MAA before that date. MMM has not explained, however, how it "discovered" the MAA only then, given the fact that MMM is a party to that agreement – for instance, MMM has not asserted that it did not have a copy of its own agreement. Thus, this is not a situation in which the party learned facts for the first time after the deadline. MMM cites to its

---

Van Keppel a duty to act on at or before the accident; rather, MMM seeks to enforce a contractual duty to pay certain costs (which costs were incurred after the execution of the agreement).

counsel's affidavit that was submitted to the Court when MMM sought the summary judgment extension, but in that affidavit MMM's counsel merely stated that the MAA had only recently been received from his client.  MMM has not adequately explained why or how it did not have notice of the MAA and its provisions prior to the amendment deadline, or why it did not locate all of its agreements with Van Keppel once the parties' dispute arose in 2018.[2]  Accordingly, MMM has not shown that it acted with reasonable diligence, or that its failure to meet the amendment deadline was not its fault or resulted from anything other than carelessness.  Therefore, under the standard forth above, MMM has not established the necessary good cause.  *See Sprint*, 2015 WL 5999216, at *2 (in denying motion to amend, rejecting argument that the movant sought amendment as soon as a dispute arose at the time of the drafting of the pretrial order; same facts underlying the defendant's originally-asserted defenses also underlay the proposed additional defenses, and thus the need to amend did not arise only recently, and no good cause was shown).

The Court further notes that MMM has not provided any explanation (much less an adequate one) for its delay in seeking an amendment from the time of the "discovery" until the date of the pretrial conference; or the delay caused by its failure to seek review of the Magistrate Judge's ruling or the pretrial order.[3]

---

[2] MMM wonders why Van Keppel did not produce the MAA in discovery, but MMM has not identified any particular discovery request or obligation that would have required such a production by Van Keppel.  Moreover, such a violation by Van Keppel would not excuse MMM's failure to locate the agreement prior to the amendment deadline.

[3] Indeed, as the Court noted in its summary judgment ruling, MMM effectively misrepresented the pretrial order and appeared to proceed as if its affirmative claim based on the MAA was properly at issue in the case.

Because MMM has not adequately explained its failure to seek a timely amendment of its counterclaim, it has not shown good cause for modification of the amendment deadline. The Court therefore in its discretion denies MMM's motion for amendment of the pretrial order to allow an affirmative claim by MMM based on the MAA.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to amend the pretrial order (Doc. # 38) is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of August, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge