IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.W. VAN KEPPEL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN MARIETTA MATERIALS, INC., ) <br> ) <br> Defendant. ) <br> ) <br> _____) | Case No. 20-4040-JWL |

## MEMORANDUM AND ORDER

In this case, plaintiff G.W. Van Keppel Company ("Van Keppel") and defendant Martin Marietta Materials, Inc. ("MMM") have asserted claims against each other for breach of different indemnity provisions. The case is set for a bench trial beginning December 13, 2021. This matter presently comes before the Court on motions in limine filed by Van Keppel (Doc. # 60) and MMM (Doc. # 57). As more fully set forth below, both motions are hereby **granted in part and denied in part**.

### I. Van Keppel's Motion in Limine

#### A. *Subsequent Remedial Measures*

Van Keppel first seeks to exclude testimony that it made repairs to the subject equipment after the accident that gave rise to this suit. Van Keppel relies on Fed. R. Evid.

407, which provides that evidence of subsequent remedial measures is not admissible to prove negligence, culpable conduct, a product defect, or the need for a warning. *See id.*

MMM does not dispute that the cited testimony is not admissible for such purposes, but it notes that Rule 407 further provides that such evidence may be admitted for some other purpose, including to prove control. *See id.* MMM states that it would offer such testimony to show Van Keppel's control and responsibility for the equipment. MMM has not explained, however, how Van Keppel's repair of the equipment at a later date after return of the equipment shows Van Keppel's control or responsibility for the equipment prior to or at the time of the accident. Accordingly, because MMM has not identified a proper purpose for such evidence, the Court grants without prejudice the motion to exclude evidence of plaintiff's subsequent remedial measures. MMM may offer such evidence only if it is able to identify a proper purpose at trial.

### B. *Master Access Agreement*

Van Keppel next seeks to exclude evidence concerning the parties' Master Access Agreement (MAA). Van Keppel argues that the Court previously ruled that the MAA "is inadmissible and not at issue in this case." The Court made no such ruling, however; the Court merely ruled that MMM may not assert an affirmative claim for breach of the MMA. As the Court noted in both its summary judgment ruling and its ruling on MMM's motion to amend, MMM has also relied on the MAA in defending against Van Keppel's claim under the rental agreements, and Van Keppel has not cited any basis for prohibiting such a defense. The Court certainly has not ruled that evidence of the MAA could not be relevant

to any issue in the case. Accordingly, the Court denies the motion to exclude evidence of the MAA.

### C. *Testimony by Certain Undisclosed Witnesses*

Finally, Van Keppel seeks to exclude testimony by five witnesses – Kyle Fiala, Nicholas Decker, Jessica Steward, Barbara Franklin, and Adrian Schubert – on the basis that MMM failed to include them on any disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), which requires the disclosure of any individual likely to have discoverable information the disclosing party may use, along with the subjects of that information. *See id.* MMM does not dispute that the names of these witnesses did not appear on its Rule 26 disclosures or any supplementation thereof.

MMM states that it does not oppose the motion with respect to Barbara Franklin, and the motion is therefore granted with respect to that witness.

MMM argues that it did disclose witnesses Fiala, Decker, and Schubert because in its Rule 26 disclosures it listed "Pleadings and Discovery responses in the underlying *Newham* lawsuit;" depositions of Messrs. Fiala, Decker, and Schubert were designated for use at trial in that suit; and testimony by Messrs. Fiala and Decker was cited by MMM in a summary judgment brief in that suit. The Court does not agree, however, that such a disclosure of *documents* that MMM may use to support its positions constitutes a proper disclosure of individuals and the subjects of information they have.

Nevertheless, the Court in its discretion will not exclude testimony by witnesses Fiala, Decker, and Schubert on this basis. As MMM notes, these witnesses were deposed in the underlying suit, and as long as their testimony in this suit is limited to the matters

3

covered in those depositions, Van Keppel cannot be unduly prejudiced by such testimony. (In its motion, Van Keppel did not identify any particular prejudice from the admission of such testimony.) MMM indicates in its own motion that Dr. Fiala's testimony will be presented by deposition, and thus his testimony will be properly limited. MMM further indicates that testimony by Mr. Decker and Mr. Schubert will be presented live; thus, the Court will limit their testimony to the matters covered in their depositions.

It does not appear that Ms. Steward has been deposed. MMM argues that its reliance on this witness should not be a surprise to Van Keppel because it identified Ms. Steward in answering an interrogatory in this case asking who sent the purchase order on which MMM's claim is based. Such an answer, however, does not necessarily indicate that Ms. Steward has information that MMM intends to use in this case, and thus there was no reason for Van Keppel to assume that it needed to depose her or otherwise propound discovery concerning her knowledge. Accordingly, the Court in its discretion will grant the motion to exclude with respect to testimony by Ms. Steward.

## II. MMM's Motion in Limine

### A. *Fault of MMM*

In its motion, MMM first seeks to exclude any evidence of its fault with respect to the underlying accident. MMM argues that such evidence is not relevant to satisfaction of either its indemnity clause, which applies to any loss relating to a defect in the equipment or an act or omission of Van Keppel, or Van Keppel's indemnity clause, which applies to any loss arising from use or operation of the equipment until its return to Van Keppel.

4

In response, Van Keppel argues that MMM's failure to maintain the equipment as required by a provision in the rental agreements is relevant to Van Keppel's own indemnity claim. It thus appears that Van Keppel is arguing that the accident falls within the scope of the indemnity clause because it arose from MMM's failure to maintain the equipment during its prior use or operation of the equipment. The Court cannot conclude before hearing the evidence that any failure to maintain the equipment by MMM could not be relevant to Van Keppel's claim. Thus, the Court denies the motion to exclude this evidence, without prejudice to MMM's raising this issue at trial.

### B.   *Depositions of Available Witnesses*

MMM next seeks to exclude deposition testimony by witnesses who are not in fact unavailable under Fed. R. Civ. P. 32. Van Keppel states that it does not oppose this motion, which the Court therefore grants. The parties shall notify the Court if any deposition designation should be withdrawn as a result of this ruling.

### C.   *Lack of Signature as Invalidating*

Finally, MMM seeks to exclude any evidence or argument that the lack of Van Keppel's signature invalidates the purchase order on which MMM relies for its indemnity claim, on the basis that the Court rejected such an argument by Van Keppel in the Court's summary judgment ruling. In response to this motion, Van Keppel does not take issue with the Court's prior ruling, but it argues that the lack of its signature may be relevant if offered for another purpose, such as whether the alleged agreement "was ever presented to" Van Keppel.

5

MMM's motion is limited to evidence or argument that the lack of a signature, by itself, makes the purchase order unenforceable (the argument previously rejected by the Court), and the Court grants that motion, so limited. The Court makes no ruling at this time concerning whether evidence of the lack of a signature may be relevant for some other purpose.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion in limine (Doc. # 60) is hereby **granted in part and denied in part**, as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion in limine (Doc. # 57) is hereby **granted in part and denied in part**, as set forth herein.

IT IS SO ORDERED.

Dated this 29th day of November, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge