IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.W. VAN KEPPEL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN MARIETTA MATERIALS, INC., ) <br> ) <br> Defendant. ) <br> ) <br> _____) | Case No. 20-4040-JWL |

## **MEMORANDUM AND ORDER**

This case presently comes before the Court on defendant's motion for an award of attorney fees and expenses (Doc. # 78). For the reasons set forth below, the Court **denies** the motion.

In this case, plaintiff G.W. Van Keppel Company ("Van Keppel") and defendant Martin Marietta Materials, Inc. ("MMM") asserted claims against each other for breach of different indemnity provisions. The parties tried the case to the Court on December 13 and 14, 2021, and on January 31, 2022, the Court issued its findings of fact and conclusions of law. The Court found that neither party had prevailed on its affirmative claim, and accordingly, it awarded each party judgment on the other party's claim, including any claim for attorney fees and expenses incurred in the underlying *Newham* case in state court. The Court noted that each party had also sought fees incurred in the present action in this Court; however, because neither party had made a specific claim in that regard or briefed its

entitlement to such fees, the Court stated that if either party wished to pursue a claim for attorney fees and expenses incurred in litigating this case, that party should file a motion seeking such relief in accord with the applicable rules.

On February 14, 2022, MMM filed the instant motion, by which it seeks an award of $156,939.74 for attorney fees and expenses incurred in litigating the case in this Court. As the basis for the award, MMM relies on the "prevailing party" attorney fee provision in the Equipment Rental Agreements (ERAs), the agreements on which Van Keppel based its affirmative claim for breach of contract.

The Court first addresses the enforceability of the attorney fee provision on which MMM relies. After Van Keppel responded to MMM's fee motion, the Court issued an order in which it noted that neither party had addressed this issue of the provision's enforceability in light of the Court's explicit findings that Van Keppel had accepted the offer represented by a Purchase Order and its terms; that a contract had thus been formed; and that, because of the Purchase Order's "entire agreement" provision, the Purchase Order had effectively nullified and superseded any terms contained in the ERAs that did not also appear in the Purchase Order. The Court thus ordered the parties to address the issue in their reply and sur-reply briefs.

In its reply, MMM argues that the ERAs' fee provision has not been nullified or superseded by the Purchase Order. It notes the Court's rulings that the Purchase Order's indemnity provision superseded the ERAs' indemnity provision because the two were in conflict, and that the Purchase Order effectively nullified any terms in the ERAs that did not also appear in the Purchase Order. MMM argues, however, that no such nullification

2

took place with respect to the ERAs' fee provision because it does not conflict with the Purchase Order's own fee provision, which MMM argues may be found within the Purchase Order's indemnity provision.

The Court rejects this argument. First, the two provisions certainly conflict. The ERAs' fee provision, which is separate from the ERAs' indemnity provision, expressly provides that in the event of litigation between the parties in connection with the ERAs, the prevailing party in such litigation shall be entitled to recover reasonable attorney fees and expenses from the other party. The Purchase Order's indemnity provision does not refer to litigation between the parties, but rather provides as follows:

> Seller [Van Keppel] shall defend, indemnify and hold harmless Purchaser [MMM] against all damages, claims or liabilities and expenses (including attorney's fees) arising out of or resulting in any way from any defect in the goods or services purchased hereunder, or from any act or omission of Seller, its agents, employees or subcontractors.

MMM argues that the provision applies here because it incurred fees as a result of Van Keppel's "act" of filing the instant suit, and thus that its recovery of fees under the Purchase Order's provision would be consistent with its right to recover under the ERAs' fee provision. Under MMM's interpretation of the Purchase Order's indemnity provision, however, MMM would be able to recover fees from Van Keppel even without being the prevailing party in the litigation. Thus, the Purchase Order's provision would conflict with the ERAs' fee provision, with the latter provision therefore being superseded. *See Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 777 (10th Cir. 2010) (under Kansas law, a contract may be modified or set aside by a subsequent contract, and if two successive contracts are

3

in conflict, the later supersedes the earlier one) (citing cases) (cited in the Court's findings and conclusions).

Second, MMM has failed to address the effect of the Purchase Order's "entire agreement" provision, which the Court specifically cited in ordering the additional briefing. In this litigation, MMM argued that that provision effectively nullified all terms in any prior agreements, including the ERAs, and the Court agreed and ruled accordingly. The "entire agreement" provision of the Purchase Order therefore prohibits the enforcement by MMM of any term in the ERAs, including the attorney fee provision.

In its motion, MMM relies solely on the fee provision in the ERAs. In its reply brief, MMM also states that "[b]y its Motion, MMM is seeking recovery of attorney fees and expenses based upon the prevailing party attorney fee provision in the ERA." For the reasons discussed, MMM may not enforce that provision. Therefore, the Court denies MMM's motion.

In its reply brief, however, MMM also states in a heading that it is entitled to recover fees under both the ERAs and the Purchase Order, although it proceeds to argue only that the ERAs' provision survived because it did not conflict with the Purchase Order's provision. Thus, it is unclear whether MMM is attempting to amend its motion also to seek fees pursuant to a contractual fee provision found in the Purchase Order.

The Court would also deny any such amended motion, however, as it does not agree that the Purchase Order's indemnity provision should be interpreted to support an award of fees here. As noted, the indemnity provision provides for indemnification for expenses incurred, including attorney fees, resulting from a defect in the product or an act or

omission of Van Keppel; but it does not expressly provide for the recovery of fees incurred in litigation between the parties (under a "prevailing party" standard or any other standard). Under MMM's interpretation of this provision, MMM would be entitled to recover all fees incurred in any lawsuit brought by Van Keppel against MMM. Thus, MMM would be entitled to fees even if Van Keppel prevailed in the suit – and Van Keppel would further be required to indemnify MMM for any judgment awarded against MMM in favor of Van Keppel. Such interpretation, which would effectively prohibit Van Keppel from bringing suit against MMM, is not reasonable.[1] Rather, the provision is reasonably interpreted to be limited to liabilities to and claims by third parties. At best, the provision is ambiguous in this regard, and in accordance with the rule of Kansas law applied by the Court in its prior order, any such ambiguity must be construed against MMM as the drafter of the document. *See First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 623 (1979).[2] Thus, the Court also denies MMM's fee motion to the extent it is based on this provision of the Purchase Order.

As an alternative basis for denial of the motion, the Court also concludes that, even if MMM could enforce the ERAs' attorney fee provision, no award would be appropriate because MMM was not the "prevailing party" in the litigation. In its motion, MMM seeks

---

[1] As the Court noted in its prior order, under Kansas law, agreements in which one party agrees to indemnify another for the indemnitee's own fault are disfavored and as such must be expressed in clear and unequivocal language." *See Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1062 (10th Cir. 1998). The Purchase Order does not clearly and unequivocally provide for indemnity for MMM for costs incurred in any suit by Van Keppel against MMM.

[2] The parties stipulated that Kansas law governs this case, and the Court has applied Kansas law throughout the litigation.

to recover all of its attorney fees and expenses incurred in this suit, including those incurred in litigating its ultimately-unsuccessful counterclaim. MMM argues in that regard that the Purchase Order on which its counterclaim was based also provided a defense to Van Keppel's claim under the ERAs.[3] MMM argues that because it was awarded judgment on Van Keppel's claim, it prevailed on that claim, and that it is therefore entitled to a contractual award of fees despite its failure to prevail on its own counterclaim.

The Court rejects this attempt by MMM to divide the litigation in this fashion for purposes of applying the ERAs' "prevailing party" standard. At the outset, the Court notes that the ERAs provide for an award of fees to the prevailing party in "the litigation" as a whole, and not merely to a party who prevails on a particular claim asserted in the litigation.

Moreover, under MMM's interpretation, Van Keppel would also be a "prevailing party" here, as it prevailed on MMM's counterclaim, but Kansas law explicitly rejects such a result. The Tenth Circuit has held that for purposes of contractual attorney fees, a "prevailing party" under Kansas law is the person who has an affirmative judgment rendered in his favor at the conclusion of the entire case." *See Harris Market Research v. Marshall Marketing and Communications, Inc.*, 948 F.2d 1518, 1527 (10th Cir. 1991) (quoting *Szoboszlay v. Glessner*, 233 Kan. 475, 482 (1983)). Relying on the Kansas Supreme Court's opinion in *Szoboszlay*, the Tenth Circuit held in *Harris* that Kansas applies the "net judgment rule," under which the prevailing party is the party is whose favor

---

[3] Most egregiously, MMM has not explained how fees it incurred in seeking to amend the pretrial order to include an affirmative claim based on the Master Access Agreement, after the Court had already ruled that the agreement could be asserted as a defense, could be characterized as incurred in defending Van Keppel's claim.

6

a net judgment is awarded in the event of competing claims. *See id.* (citing *Szoboszlay*, 233 Kan. at 484). The Tenth Circuit further noted that under this rule there can be only one prevailing party. *See id.* at 1528; *see also Fusion, Inc. v. Nebraska Aluminum Castings, Inc.*, 962 F. Supp. 1392, 1397 (D. Kan. 1997) (Lungstrum, J.) (applying the net judgment rule and noting that there can be only one prevailing party under the rule). In the present case, both parties asserted affirmative claims, but neither was awarded a monetary judgment. The result cannot be that both parties are therefore prevailing parties in the litigation; rather, because neither was awarded a net judgment in its favor, neither is a prevailing party for purposes of applying the ERAs' fee provision.[4] Therefore, for this reason as well, MMM is not entitled to recover fees under the ERAs' fee provision, and its motion must therefore be denied.[5]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for an award of attorney fees and expenses (Doc. # 78) is hereby **denied**.

---

[4] MMM argues that the net judgment rule does not apply if neither side received a net judgment in its favor. In each of the cases cited by MMM to support that statement, however, the court merely applied the rule in a situation that did involve a net judgment for one side; the court did not state that the rule does not apply in the absence of a net judgment for either side. *See Szoboszlay*, 233 Kan. 475; *Jayhawk 910VP, LLC v. WindAirWest, LLC*, 2021 WL 5113668 (D. Kan. Nov. 3, 2021). The cases are better understood as confirming that in the event of competing claims, a party is not the prevailing party *unless* it wins a net judgment in its favor. In this case, MMM did not win such a judgment; therefore it is not the prevailing party for purposes of the fee provision. MMM has not cited any authority supporting an award of fees under Kansas law to either party (or both parties) in the event of a "net zero" result after both parties were unsuccessful on their affirmative claims.

[5] The Court need not address and expresses no opinion concerning the reasonableness of the fees and expenses claimed by MMM.

IT IS SO ORDERED.

Dated this 21st day of March, 2022, in Kansas City, Kansas.

                                                    *s/ John W. Lungstrum*  
                                                    John W. Lungstrum  
                                                    United States District Judge